77 F.3d 502
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re CARNEGIE MELLON UNIVERSITY and Three Rivers
Biologicals, Inc., Petitioners.
 Misc. No. 447.
 United States Court of Appeals, Federal Circuit.
 Dec. 18, 1995.
 
 Before PLAGER, Circuit Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 Carnegie Mellon University and Three Rivers Biologicals, Inc. petition for a writ of mandamus (1) directing the United States District Court for the Western District of Pennsylvania to vacate its September 25, 1995 order transferring its case to the United States District Court for the Northern District of California, and (2) directing the latter court to retransfer the underlying case to the Pennsylvania district court. Chiron Corporation and Cetus Oncology Corporation oppose. Hoffman-La Rouche, Inc., Roche Molecular Systems, Inc., and The Perkin-Elmer Corporation oppose. Carnegie Mellon and Three Rivers move for leave to file a reply, with reply attached, and for oral argument. They state that Hoffman-La Rouche et al. oppose.
 
 BACKGROUND
 
 2
 Briefly, Carnegie Mellon and Three Rivers brought a patent infringement suit against Hoffman-La Rouche et al. in the United States District Court for the Western District of Pennsylvania, plaintiffs' home district. On February 15, 1995, Hoffman-La Rouche et al. moved to transfer the case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). Additionally, Hoffman-La Rouche, Roche Molecular, and Perkin-Elmer moved, in the alternative, to dismiss Roche Molecular for lack of personal jurisdiction and improper venue.
 
 
 3
 On July 26, 1995, the magistrate issued a report and recommendation, finding that (1) research, design, and manufacture of the accused products occurred in California and New Jersey; (2) documents and records relating to the accused products are located in California; (3) the majority of the witnesses reside in California; and (4) the interests of an expeditious trial weighed in favor of a transfer because Roche Molecule presented evidence that the district court for the Western District of Pennsylvania lacked personal jurisdiction over it. Applying a "center of gravity" test, the magistrate determined that Carnegie Mellon and Three Rivers' choice of venue was not entitled to great weight in light of his findings, and the magistrate recommended that the case be transferred to the Northern District of California.
 
 
 4
 On September 25, 1995, the district court adopted the report and recommendation and transferred the case. Carnegie Mellon and Three Rivers petitioned for a writ of mandamus to reverse the transfer of this action.
 
 DISCUSSION
 
 5
 The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking such a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).
 
 
 6
 Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." 28 U.S.C. § 1404(a). Carnegie Mellon and Three Rivers argue that the district court committed a clear abuse of discretion by invoking an erroneous legal standard, i.e., the "center of gravity" test, and failing to give their choice of venue paramount consideration. Hoffman-La Rouche et al. contend that Carnegie Mellon and Three Rivers have not met the high standard for the issuance of a writ of mandamus.
 
 
 7
 The decision of whether to transfer a case is left to the sound discretion of the district court. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). We have noted that the remedy of mandamus is "strong medicine" and a case may not be appropriate for mandamus "even though on normal review, a court might find reversible error." In re Cordis Corp., 769 F.2d 733, 737 (Fed.Cir.1985).
 
 
 8
 In this case, the district court exercised its discretion to discount Carnegie Mellon and Three Rivers' choice of forum. Carnegie Mellon and Three Rivers have failed to show a clear and indisputable right to the relief requested. Thus, we decline to issue the writ. Because Carnegie Mellon and Three Rivers' reply reiterates arguments raised in their petition, we deny their motion for leave to file a reply.
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) Carnegie Mellon and Three Rivers' petition for a writ of mandamus is denied.
 
 
 11
 (2) Carnegie Mellon and Three Rivers' motion for leave to file a reply is denied.
 
 
 12
 (3) Carnegie Mellon and Three Rivers' motion for oral argument is denied.